HENRY C. STOLL AND BARBARA STOLL, PLAINTIFFS IN
ERROR, v. ERASTUS C. GREGG ET AL., DEFEND-
ANTS IN ERROR.

Creditor's Bill: FINDING AND DECREE OF TRIAL COURT.    In an
action in the nature of a creditor's bill, wherein it is alleged by
plaintiffs that they had recovered a judgment against one of the
defendants, which judgment, at the commencement of the
action, amounted to something over $200, and that prior thereto
the judgment debtor had fraudulently transferred all his prop-
erty, consisting of real estate and personal property, to his wife,
for the purpose of evading the collection of the judgment, and
where in such action the finding of the district court was in
favor of the defendant in the action, so far as the real estate
was involved, but in favor of the plaintiffs, with reference to the
personal property, the finding being general, that the grantee,
the wife of the grantor, held personal property of the grantor
under a transfer from him subject to the payment of plaintiffs'
judgment, and sufficient to pay the same, without specifying
the nature of the property so held, whether liable to execution
process or not, and no motion for a new trial having been filed,
it was *Held*, On error to the supreme court, that there was no
presumption that the property was of such a nature as could be
levied upon by execution, and therefore the finding and decree,
that the grantee of the property be required to pay the debt out
of the property so held by her, could not be molested.

ERROR to the district court for Gage county.    Tried
below before BROADY, J.

*A. Hardy* and *A. H. Babcock*, for plaintiffs in error,
cited: *McElwain v. Willis*, 9 Wend., 548.    *McKibben v.
Barton*, 1 Mich., 213.

*Pemberton & Bush*, for defendants in error, cited: *Sayre
v. Thompson*, 18 Neb., 33.    Maxwell's Pl. and Pr., 605.
*Crutts v. Wray*, 19 Neb., 581.

REESE, CH. J.

This suit was instituted in the district court of Gage
county, by defendants in error, and is in the nature of a

creditor's bill. Plaintiffs in error are husband and wife. The petition alleges that the judgment which was the foundation of this proceeding was rendered against Henry C. Stoll, in 1882, for $110.55 principal and $108.55 costs, and which judgment remains in force and unpaid; that on the 14th day of October, 1882, plaintiffs caused an execution to be issued upon said judgment against the property of Stoll, and which execution was returned on the 3d day of January, 1883, unsatisfied for want of property on which to levy; that the indebtedness for which said judgment was recovered accrued in 1878; that on the 3d day of January, 1880, defendant, Henry C. Stoll, was the owner in fee simple of all of section number seventeen, in township three north, of range number six east, in Gage county, which was of the value of $10,000, and that upon said day he was the owner of personal property, consisting of horses, cattle, hogs, and farming implements, and other personal effects, of the value of $5,000; that on that day, for the purpose of hindering and delaying and defrauding his creditors, and without consideration, he transferred all of said property to defendant, Barbara Stoll, the said Barbara Stoll participating with him in such fraudulent intent and purpose; that at said time they were residing upon the land referred to, cultivating and occupying it as a farm; and Henry managed the same, handling and selling the stock and grain and exercising full and complete ownership and control of the whole of said farm and property; that the management and control of the farm and personal property thereon have at all times, since such transfer, been under the sole care of plaintiff in error, Henry, and that the title thereto was held by Barbara in trust for Henry, who was the real and equitable owner of all of the property mentioned; that the real estate is now worth $25,000, and the personal property is of the value of $5,000, but that the title is so held and covered up that it cannot be reached by execution issued on said judgment;

and that Henry C. Stoll has no property whatever in his name which can be reached by execution. The prayer of the petition is, that the conveyance of the land and personal property from Henry to Barbara be set aside, be declared to be null and void as against the plaintiffs, and that it may be declared subject to the payment of plaintiffs' judgment, and for general relief.

The answer of plaintiffs in error, in substance, admitted the transfer of the property as alleged in the petition, but denies the fraudulent intent of either of the defendants, plaintiffs in error, and alleged that the land was purchased with the money belonging to Barbara, in her absence, and without her knowledge or consent the title was taken by Henry; and that on the day named in the petition the title was transferred to her, to whom it actually belonged; and that the land being insufficient to pay the whole of the indebtedness to her by Henry, the transfer of the personal property was made in liquidation thereof; that at the said time Barbara had no knowledge that Henry was in any way indebted to plaintiff or any other person, and that in fact Henry was not indebted to plaintiffs as he, Henry, supposed, but that the judgment referred to was subsequently rendered against him in a transaction in which he did not believe himself to be in any way indebted to plaintiffs; that the whole transaction of the conveyance of the property from Henry to Barbara was in the best of faith, with no intent or purpose to defraud any one, and for value.

Plaintiffs' reply was a general denial. The cause was tried to the court, who found in favor of plaintiffs in error as to the real estate, but in favor of defendants in error as to the personal property, and that at the commencement of the suit "Barbara Stoll held personal property of the defendant, Henry C. Stoll, under transfer from him, subject to the payment of plaintiffs' judgment claimed herein, which is $268.20, in an amount sufficient to pay said

plaintiffs' said claim." It was therefore adjudged and decreed that Barbara pay the plaintiffs said sum of $268.20, together with the costs of this action. No motion for a new trial was filed. The cause is now presented to this court by proceedings in error.

The failure to file a motion for a new trial must, to a great extent, limit our investigations in this review, as it has been the uniform holding of this court that, in order to obtain a review of a case in the supreme court on error, a motion for a new trial must be made and the errors specifically pointed out. But as the errors assigned are confined principally to the general judgment and finding of the court, we have examined the case for the purpose of ascertaining whether or not the judgment is sustained by sufficient evidence.

The real contention of plaintiffs in error seems to be that, as the finding was in favor of defendants in error upon the real estate involved in the action, the personal property was tangible, situated upon the premises in question, within the county of Gage, and that an execution on defendants' judgment could have been levied thereon and all the questions involved in this case could have been disposed of in an action at law. In short, that defendants in error had an adequate and complete remedy by the levying of their execution, and that therefore this action cannot be maintained. Ordinarily, we think, this contention would be correct; and were it shown by the finding of the court, that the personal property in the possession of Barbara consisted of specific property, as live stock, farming implements, grain, etc., it might have been levied upon by the execution and all the questions involved in its ownership tried by the ordinary legal methods. But the finding of the court is silent upon this question. From the finding it appears that, at the commencement of this action, Barbara held personal property of defendant, Henry, under transfer from him, subject to the payment of plaintiffs' judgment.

It is well established, I think, by all the authorities, that, where property is held by a trustee which cannot be made subject to an execution, an action in the nature of a creditor's bill, and for an accounting, will lie; and if there is sufficient to satisfy the judgment a decree will be entered, as in this case. This has been held to be the rule where the property transferred consisted of merchandise, as well as other tangible property. See *Hadden v. Spader*, 20 Johnson's Rep., 554. We doubt not it is the correct rule.

It would have relieved the case of some embarrassment had the district court ascertained the value of the property in the hands of Barbara, at the time of the commencement of this action, as well as the amount of the judgment involved, instead of the general finding that it was sufficient to pay said amount. But as no objection is made on this particular ground, the finding of the court must be deemed correct and cannot be molested on that account.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.